{¶ 27} Throughout its written decision concerning the merits of appellants' motion for summary judgment, the trial court referred to the interest granted to the City of Aurora in the proposed street as the "roadway easement." In doing so, the trial court was merely following the wording which had been used in the plat. Despite this, when it came time for the trial court to determine the underlying nature of the City's interest in the subject land, the court did not predicate its holding upon the language of the plat; instead, it relied solely on a statute pertaining to the effect of dedicating land for public use. Because I conclude that the trial court misapplied that statute to the specific interest granted in the plat, I respectfully dissent from the majority's decision to uphold the ultimate judgment against appellants.
 {¶ 28} At the outset of its discussion, the trial court stated that the primary question before it concerned whether appellants had any "right, title, or interest" as to the land covered by the easement. In trying to answer this query, the trial court cited only R.C. 711.07. This statute provides: "[u]pon recording, as required by section 711.06 of the Revised Code, the plat shall thereupon be a sufficient conveyance to vest in the municipal corporation the fee of the parcel of land designated or intended for streets, alleys, ways, commons, or other public uses, to be held in the corporate name in trust to and for the uses and purposes set forth in the instrument."
 {¶ 29} Based upon this statutory language alone, the trial court concluded that the recording of the plat for the Centerville Woods Subdivision had therefore caused the conveyance of a fee title for the subject land to the City. In turn, the trial court further held that appellants had not obtained any right to, or interest in, that land when they acquired their sublots. In light of this, the trial court finally held that the City's conveyance of the easement for the private driveway was permissible under R.C. 723.121.
 {¶ 30} In considering R.C. 711.07 in the context of the other statutory provisions in R.C. Chapter 711, the courts of this state have concluded that R.C. 711.06 and 711.07 delineate the modern requirements for the statutory dedication of land for public use. See, e.g., Dolan v.Parma, 8th Dist. No. 81183, 2003-Ohio-294. In order to demonstrate that a dedication of land has occurred, a party must be able to prove that all of the essential requirements of the statutes have been met. Id. This includes the elemental requirement that the plat must expressly state which land, or interest in the land, has been "designated or intended" for public use.
 {¶ 31} In Beauchamp v. Hamilton Twp. Trustees (May 5, 1994), 10th Dist. No. 93APE09-1331, 1994 Ohio App. LEXIS 1877, the property owner initially granted the county an easement for the purpose of constructing and maintaining a storm sewer on a tract of land. Four years later, the property owner filed a subdivision plat for a parcel which included the initial tract. The plat contained wording which expressly stated that certain land would be dedicated for public use as a street; however, as to the tract containing the storm sewer, the plat only stated that the prior easement had been "reserved." In light of this distinction in language, the Beauchamp court held that the statutory requirements for dedicating the "storm sewer" easement for public use had not been satisfied.
 {¶ 32} In regard to the Beauchamp decision, I would note that that case pertained to land which was not located within a municipality. As a result, R.C. 711.07 was not the governing statute for determining whether a proper dedication had been made; instead, R.C. 711.11 applied because the proposed dedication was for the county. However, similar to R.C.711.07, R.C. 711.11 states that the conveyance to a county only relates to the specific land which has been "named or intended" for public use.[5] Thus, I conclude that the basic holding inBeauchamp, i.e., that the plat must expressly state what land or interest is being dedicated for public use, is applicable to the facts of this case.
 {¶ 33} In support of the foregoing, I would also emphasize that, under R.C. 711.07, the plat is the only document which must be recorded in order for the dedication of the land to be complete. That is, it is not necessary to record a separate deed about the conveyance. As a result, the language of the plat must be sufficient to provide the required notice to innocent third parties as to the status of the land in question. See Westlake v. Con-Dev (June 9, 1988), 8th Dist. No. 53760, 1988 Ohio App. LEXIS 2321. If the wording of the plat is insufficient to show a proper dedication of fee simple title to the land in question, R.C. 711.07 does not have the effect of causing the conveyance of that interest to be transposed into such a fee interest in contradiction of the express language in the plat.
 {¶ 34} In the instant case, both sides included a copy of the plat for the Centerville Woods Subdivision in their respective summary judgment materials. My review of the plat indicates that it contained only one specific reference to the proposed street between sublots 11 and 12: "[The developer] does also grant unto the City of Aurora an 80 foot roadway easement, as shown for the purpose of future roadway." In addition, the plat had the following general statement: "[The signers of the plat] do hereby dedicate and grant to public use forever the streets and easements shown on the plat."
 {¶ 35} As to the first statement in the plat, I would indicate that this statement did not refer to the land underlying the proposed street. Moreover, this statement did not refer to any fee interest in the land. To this extent, the language of the first statement was unambiguous and did not need to be interpreted. That is, it only granted the City of Aurora a basic easement for a possible future roadway.
 {¶ 36} As to the second statement, I would agree that, in the absence of any other relevant provision in the plat, the dedication of a street would necessarily include the land underneath it. However, in this particular instance, the reference to the subdivision's streets in the second statement had to be interpreted in light of the grant in the first statement. Simply stated, it would be illogical for the developer to only grant an easement to the City under the first statement, and then dedicate the underlying land to the City in the second statement. As a result, I conclude that, in relation to the proposed street between the sublots, the second statement in the plat was only intended to result in the dedication of the easement granted in the first statement.
 {¶ 37} In support of this conclusion, I would further indicate that a copy of the map attached to the plat was also included in the evidential materials before the trial court. In this map, the property lines of sublots 11 and 12 extend to the middle of the proposed road. Obviously, if the developer of the subdivision had intended to dedicate the underlying land to the City, he would have placed the property lines at the edge of the road.
 {¶ 38} When reviewed as a whole, the provisions of the instant plat only establish an intent on the part of the developer to dedicate the easement which had been granted for the proposed roadway. While it may be arguable that an "easement" interest cannot be dedicated under R.C. 711.07, there can be no dispute that the statute was not intended to change the nature of basic interest granted to the municipality in a plat. That is, if the plat only dedicates a basic easement, R.C. 711.07 cannot be applied to alter the interest into a fee simple. As to this point, I would again emphasize that R.C. 711.07 only states what needs to occur in order for an interest to be conveyed to a city. The nature of the dedicated interest is controlled by the wording of the plat itself.
 {¶ 39} In light of the limited interest granted in the instant plat, it follows that the underlying fee interest in the subject land was retained by the developer and then conveyed to appellants. Therefore, I conclude that the City of Aurora was never conveyed any "fee" to the subject land under R.C. 711.07. Since the instant plat only resulted in the dedication of the easement to the proposed roadway, the trial court erred in trying to alter the extent of the City's interest under the statute.
 {¶ 40} As a separate point, I would indicate that even if the language of the instant plat had been sufficient to dedicate the land in question, it is still arguable that the developer still would have retained some interest in the sublots. First, it must be again noted that, even though R.C. 711.11 expressly refers to the conveyance of "fee simple title" to the county of land dedicated for public use, R.C. 711.07
only refers to the conveyance of the "fee" to a municipality. Second, I would further indicate that, although the "fee" language of R.C. 711.07
has been a part of this state's statutory scheme for land dedication for over a century, the Supreme Court of Ohio has set forth conflicting holdings as to the extent of the interest given to the municipality. Cf., Kellogg v. Cincinnati Traction Co. (1909), 80 Ohio St. 331, andFriedman Transfer Constr. Co. v. Youngstown (1964), 176 Ohio St. 209. While it is unnecessary to resolve this particular point for purposes of this dissent, I am compelled to note that the trial court did not address these ambiguities in the applicable law as part of its analysis under R.C. 723.121.
 {¶ 41} Finally, in light of the foregoing conclusion that the City of Aurora only had an "easement" interest in the subject land, the issue then becomes whether the City could convey the right to place a private driveway on the land. As a general proposition, the owner of an easement can subject the underlying land to a new use only when: (1) the new use is similar to the granted use; and (2) the new use will not cause an additional burden on the land. Proffitt v. Plymesser (June 25, 2001), 12th Dist. No. CA2000-04-008, 2001 Ohio App. LEXIS 2801. In this case, it cannot be logically argued that a private driveway is similar in nature to a public street. The wording of the plat plainly indicated that the purpose of the easement was to provide a road to be used by the public. Obviously, a private driveway is not intended for public use. Thus, since the City of Aurora could not itself use the subject land for a private driveway, it follows that the City was unable to grant a second easement for that purpose.
 {¶ 42} In summation, my review of the various evidential materials submitted in the summary judgment exercise indicates that there was no factual dispute that the City was never dedicated a fee interest in the land for the proposed road. Based upon this fact, I would hold that, since the City only had an easement for a public roadway, it could not convey any interest in the land to the Pages. Accordingly, I would reverse the judgment of the trial court and remand the matter for further proceedings.
[5] In fact, the only consequential difference between the two statutes is that, while R.C. 711.07 refers to the conveyance of the "fee" in the land, R.C. 711.11 refers to the conveyance of the "fee simple title" in the land. It is interesting to note that, despite the "fee simple title" language in R.C. 711.11, the Beauchamp court did not merely hold that an easement could not be dedicated under the statute. Rather, the Beauchamp
court based its decision on the fact that the proper wording to dedicate the easement had not been used.